IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **JAVON LAMAR WILLIAMSON, SR.,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 7:19CV375 |
| ) | |
| **STAPLES THE OFFICE SUPERSTORE** ) | |
| **EAST, INC.,** ) | |
| SERVE: CT CORPORATION SYSTEM ) | |
| 4701 Cox Road, Suite 285 ) | |
| Glen Allen, Virginia 23060 ) | |
| Henrico County ) | |
| ) | |
| and ) | |
| ) | |
| **OFFICE SUPERSTORE EAST, LLC,** ) | |
| SERVE: CT CORPORATION SYSTEM ) | |
| 4701 Cox Road, Suite 285 ) | |
| Glen Allen, Virginia 23060 ) | |
| Henrico County ) | |
| ) | |
| **STAPLES, INC.,** ) | |
| SERVE: 4727 Valley View Blvd NW, ) | |
| Roanoke, Virginia 24012 ) | |
| Roanoke City ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Javon Lamar Williamson, Sr., by counsel, moves for judgment against Defendants Staples the Office Superstore East, Inc., Office Superstore East, LLC, and Staples, Inc. (*hereinafter, collectively,* "Staples") on the bases and for the reasons set forth below.

## INTRODUCTION

1. This is a suit seeking declaratory relief, injunctive relief, and monetary damages to address deprivations of rights secured by the Family and Medical Leave Act (the "FMLA")

pursuant to 29 U.S.C. §§ 2601, *et seq.*, and the Americans with Disabilities Act (the "ADA") pursuant to 42 U.S.C. §§ 12101, *et seq*.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117(a).

3. Venue is proper in the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4. Mr. Williamson timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 12, 2017 alleging disability discrimination and retaliation.[1] The EEOC issued a Dismissal and Notice of Rights letter to Mr. Williamson, dated March 25, 2019.

## THE PARTIES

5. At all relevant times, Javon Lamar Williamson, Sr. ("Mr. Williamson") is an individual who was employed by Staples at its retail store located at 4727 Valley View Blvd., NW, in Roanoke, Virginia, Store No. 0639, until August 2, 2017.

6. At all times relevant to these proceedings, Mr. Williamson was an eligible employee for purposes of the FMLA:

    a. He had worked for Staples for at least 12 months, and

    b. He had worked for Staples for at least 1,250 hours during the preceding 12-month period.

29 U.S.C. § 2611(2)(A).

---

[1] Mr. Williamson also alleged in his Charge that his employer violated FMLA.

7. At all relevant times, Staples was a global office products retailer who regularly conducted business in this judicial district, to include one or more locations in Roanoke, Virginia.

8. Upon information and belief, Defendant Staples is an employer for purposes of the FMLA: Staples was, at all relevant times, "engaged in commerce or in [an] industry or activity affecting commerce who employ[ed] 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

9. At all relevant times to these proceedings, Staples was Mr. Williamson's employer.

**FACTS**

10. The foregoing paragraphs are adopted and re-alleged herein as if fully set forth.

11. At all relevant times to these proceedings, Mr. Williamson was employed by Staples on a full-time basis as a Print and Marketing Supervisor.

12. During his employment with Staples, Mr. Williamson performed his job duties competently.

13. During his employment with Staples, Mr. Williamson suffered from significant orthopedic podiatry issues including arthritis and bunions, and from Post Traumatic Stress Disorder ("PTSD") related to his military service.

14. Mr. Williamson's significant orthopedic podiatry issues caused him to experience severe pain at times and required him to undergo multiple corrective surgeries; his orthopedic podiatry issues affected his ability to walk and stand at times.

15. Mr. Williamson worked/works with a counselor to manage his PTSD.

16. Mr. Williamson's significant podiatry issues and PTSD constitute an "illness, … impairment, or physical … condition" for purposes of the Family and Medical Leave Act. 29 U.S.C. § 2611(11).

17. For his significant orthopedic podiatry issues, Mr. Williamson received "inpatient care in a hospital, hospice, or residential medical care facility." 29 U.S.C. § 2611(11)(A).

18. For his significant orthopedic podiatry issues and PTSD, Mr. Williamson sought and received, and continued to receive "treatment by a health care provider:" he has been treated two (2) or more times per year by a health care provider, and he was under a regimen of continuing treatment by a health care provider. 29 U.S.C. § 2611(11)(B).

19. Mr. Williamson's significant podiatry issues and PTSD constitute serious health conditions, for purposes of the FMLA.

20. Mr. Williamson is a qualified individual with disabilities: he suffers from significant orthopedic podiatry issues and PTSD. Plaintiff's PTSD was a result of his service in the United States Navy.

21. Alternatively, Mr. Williamson was regarded by Staples as having disabilities.

22. On or about November 29, 2016, Mr. Williamson presented his supervisors with a note from his physician that outlined recommended workplace accommodations for his significant orthopedic podiatry issues, and requested the reasonable, physician-recommended accommodation of sitting on a stool during his shifts to alleviate his foot pain.

23. Staples agreed to Mr. Williamson's accommodation request and provided him with a stool for use during his shifts.

24. On or about February 27, 2017, Mr. Williamson requested and was approved for FMLA leave to undergo, and recover from, a serious medical condition, *i.e.*, foot surgery to correct his significant orthopedic podiatry issues.

25. Staples engaged Cigna as its agent to manage employees' FMLA leave, including Mr. Williamson's FMLA leave.

26. Mr. Williamson's FMLA leave began on February 22, 2017 and ended on May 22, 2017: Mr. Williamson's physician released him to return to work on a full-time basis beginning on May 22, 2017.

27. Mr. Williamson had not exhausted his FMLA leave upon receiving his physician's release to return to work.

28. Mr. Williamson received his physician's release on May 17, 2017: he provided the release to Staples as well as Cigna on that same day.

29. Mr. Williamson's supervisors, including General Manager Roy Hoyza, refused to return Mr. Williamson to his full-time position.

30. While Mr. Williamson was on FMLA leave, Staples hired another individual into Mr. Williamson's position.

31. Despite providing Staples with a physician's note permitting him to return to work on May 22, 2017, Staples did not return Mr. Williamson to work until June 12, 2017.

32. Upon information and belief, Staples often prepared its schedules one (1) week ahead of time.

33. Between May 24 and June 12, Mr. Williamson was forced to use vacation leave to provide income for him and his family.

34. Upon returning to work on June 12, however, Mr. Williamson did not return to his full-time position of Print and Marketing Supervisor.

35. Although Mr. Williamson returned to work on June 12, 2017, Staples reduced his hours such that he was working on a part-time basis, *i.e.*, approximately 26-28 hours per week, thereby causing Mr. Williamson to be paid less than his position prior to taking FMLA leave.

36. Mr. Williamson's supervisors did not schedule him to work on a full-time basis until the female worker Staples hired and placed in Mr. Williamson's position tendered her resignation, *i.e.*, approximately four (4) weeks after Mr. Williamson returned to work on June 12, 2017.

37. Shortly after he returned to work, Staples failed to reasonably accommodate Mr. Williamson by providing a stool for him to use during his shifts as requested, causing Mr. Williamson to endure significant pain during his shifts as he was unable to sit during his working hours.

38. Staples failed to engage in the interactive process with Mr. Williamson in order to determine what reasonable accommodation(s) he would require.

39. Mr. Williamson complained to a human resources representative for Staples about its delay in returning him to work; his reduction in hours; and his employer's failure to reasonably accommodate him, *i.e.*, Staples' failure to provide Mr. Williamson with a stool for use during his shifts.

40. Staples did not meaningfully address his complaints, to include that Staples never provided a stool to him as it had done in the past.

41. Staples' ongoing behavior toward Mr. Williamson as described herein caused him significant pain, discomfort, stress, and anxiety, leaving him no choice but to tender his notice of resignation to Staples on August 2, 2017.

42. Accordingly, Mr. Williamson was constructively discharged on August 2, 2017.

## COUNT I
## VIOLATION OF 29 U.S.C. § 2615(a)(2) OF THE FAMILY AND MEDICAL LEAVE ACT

43. The foregoing paragraphs are incorporated herein as if fully set forth.

44. Staples violated 29 U.S.C. § 2615(a)(2), which prohibits an employer from discharging or discriminating in any other manner against Mr. Williamson's exercise of his rights under the Family and Medical Leave Act.

45. Upon his return to work, Staples refused to permit Mr. Williamson to return to his pre-FMLA leave position as a full-time Print and Marketing Supervisor.

46. Upon his return to work, Staples refused to provide to Mr. Williamson a stool for his use while working.

47. As a direct and proximate result of the acts of the Defendants, Mr. Williamson has suffered compensatory damages in the form of loss of income, employment benefits, and other pecuniary loss, as well as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

48. Defendants acted with malice, intentionally, and/or with reckless indifference to Plaintiff's federally protected rights so as to support an award of liquidated and/or punitive damages.

## COUNT II
## VIOLATION OF 29 U.S.C. § 2615(a)(1) OF THE FAMILY AND MEDICAL LEAVE ACT

49. The foregoing paragraphs are incorporated herein as if fully set forth.

50. Defendants' constructive discharge of Mr. Williamson on August 2, 2017 violated 29 U.S.C. § 2615(a)(1), by interfering with, restraining, and denying Mr. Williamson the exercise of his rights under the Family and Medical Leave Act.

51. As a direct and proximate result of the acts of the Defendants, Mr. Williamson has suffered compensatory damages amounting to the loss of income, employment benefits, and other pecuniary loss, as well as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

52. Defendants acted with malice, intentionally, and/or with reckless indifference to Plaintiff's federally protected rights so as to support an award of liquidated and/or punitive damages.

## COUNT III
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

53. The foregoing paragraphs are incorporated herein as if fully set forth.

54. Plaintiff is a qualified individual within the meaning of the ADA: he was able to perform his employment with or without accommodations.

55. Staples is an employer and a covered entity pursuant to the ADA.

56. Plaintiff was an employee of Staples pursuant to the ADA.

57. At all relevant times, Mr. Williamson had disabilities: he suffered from significant orthopedic podiatry issues and PTSD, conditions which substantially limited one or more major life activities within the meaning of the ADA.

58. Alternatively, Mr. Williamson was regarded by Staples as having disabilities.

59. Mr. Williamson revealed his disabilities to his employer prior to his constructive discharge.

60. Staples discriminated against Plaintiff on the basis of his disabilities by failing to return him to his full-time position upon being released by his physician to return to work, and by failing to reasonably accommodate Plaintiff and constructively discharging Plaintiff.

61. Staples failed to engage in the interactive process with Mr. Williamson in order to determine what reasonable accommodation(s) he would require.

62. On August 2, 2017, after suffering stress and anxiety as a result of Defendants' actions, Mr. Williamson was constructively discharged from his employment with Staples.

63. Staples would not have created an objectively intolerable working environment, prompting Mr. Williamson's constructive discharge, nor taken other discriminatory actions against him but for his disabilities and/or need for (a) reasonable accommodation(s).

64. Mr. Williamson's constructive discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon his disabilities and/or requests for (a) reasonable accommodation(s).

65. Staples' working conditions that precipitated Mr. Williamson's constructive discharge were pretextual and directly related to Staples' intent to discriminate against Mr. Williamson due to his disabilities and/or need for (a) reasonable accommodation(s).

66. As a direct and proximate result of Staples' intentionally discriminatory actions, Mr. Williamson has suffered loss of income, employment benefits, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

67. Defendants acted with malice, intentionally, and/or with reckless indifference to Plaintiff's federally protected rights so as to support an award of liquidated and/or punitive damages.

# COUNT IV
# RETALIATION IN VIOLATION OF
# THE AMERICANS WITH DISABILITIES ACT

1. The foregoing paragraphs are incorporated herein as if fully set forth.

2. Plaintiff is a qualified individual within the meaning of the ADA: he was able to perform his employment with or without accommodations.

3. Staples is an employer and a covered entity pursuant to the ADA.

4. Plaintiff was an employee of Staples pursuant to the ADA.

5. At all relevant times, Mr. Williamson had disabilities: he suffered from significant orthopedic podiatry issues and PTSD, conditions which substantially limited one or more major life activities within the meaning of the ADA.

6. Alternatively, Mr. Williamson was regarded by Staples as having disabilities.

7. Mr. Williamson revealed his disabilities to his employer prior to his constructive discharge.

8. Staples retaliated against Plaintiff by failing to reasonably accommodate Plaintiff and constructively discharging Plaintiff.

9. On August 2, 2017, after suffering stress and anxiety as a result of Defendants' actions, Mr. Williamson was constructively discharged from his employment with Staples.

10. Staples would not have created an objectively intolerable working environment, prompting Mr. Williamson's constructive discharge, nor taken other retaliatory actions against him but for his disabilities and/or need for (a) reasonable accommodation(s).

11. Mr. Williamson's constructive discharge from employment occurred under circumstances that raise a reasonable inference of unlawful retaliation based upon his disabilities and/or requests for (a) reasonable accommodation(s).

12. Staples' working conditions that precipitated Mr. Williamson's constructive discharge were pretextual and directly related to Staples' intent to retaliate against Mr. Williamson due to his disabilities and/or need for (a) reasonable accommodation(s).

13. As a direct and proximate result of Staples' intentionally retaliatory actions, Mr. Williamson has suffered loss of income, employment benefits, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

14. Defendants acted with malice, intentionally, and/or with reckless indifference to Plaintiff's federally protected rights so as to support an award of liquidated and/or punitive damages.

## COUNT V
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT: FAILURE TO PROVIDE A STOOL TO PLAINTIFF

15. The foregoing paragraphs are incorporated herein as if fully set forth.

16. At all relevant times, Mr. Williamson suffered from significant orthopedic podiatry issues and PTSD.

17. Staples knew Plaintiff was disabled and knew that Plaintiff had requested accommodations prior to his constructive discharge; specifically, Staples was aware of his request for a stool to use during his shifts, an accommodation that Staples had previously afforded Plaintiff.

18. Alternatively, Mr. Williamson was regarded by Staples as having disabilities.

19. Mr. Williamson was able to perform his employment with or without accommodations.

20. Staples failed to engage in the interactive process with Mr. Williamson in order to determine what reasonable accommodation(s) he would require.

21. Staples could have reasonably accommodated Plaintiff (and, in fact, had in the past accommodated Mr. Williamson), but for its lack of good faith.

22. On August 2, 2017, after suffering stress and anxiety as a result of Defendants' actions, Mr. Williamson was constructively discharged from his employment with Staples.

23. Staples would not have created an objectively intolerable working environment, prompting Mr. Williamson's constructive discharge, nor taken other discriminatory actions against him but for his disabilities and/or need for (a) reasonable accommodation(s).

24. Mr. Williamson's constructive discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon his disabilities and/or requests for (a) reasonable accommodation(s).

25. Staples' working conditions that precipitated Mr. Williamson's constructive discharge were pretextual and directly related to Staples' intent to discriminate against Mr. Williamson due to his disabilities and/or need for (a) reasonable accommodation(s).

26. As a direct and proximate result of Staples' actions, Mr. Williamson has suffered loss of income, employment benefits, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

27. Defendants acted with malice, intentionally, and/or with reckless indifference to Plaintiff's federally protected rights so as to support an award of liquidated and/or punitive damages.

## COUNT VI
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT:
## FAILURE TO RETURN PLAINTIFF TO WORK

28. The foregoing paragraphs are incorporated herein as if fully set forth.

29. At all relevant times, Mr. Williamson suffered from significant orthopedic podiatry issues and PTSD.

30. Staples knew Plaintiff was disabled and knew that Plaintiff had requested accommodations prior to his constructive discharge; specifically, Staples was aware of his request to return to work as Plaintiff provided his employer with a physician's release to return to work beginning on May 22, 2017.

31. Alternatively, Mr. Williamson was regarded by Staples as having disabilities.

32. Mr. Williamson was able to perform his employment with or without accommodations.

33. Staples failed to engage in the interactive process with Mr. Williamson in order to determine what reasonable accommodation(s) he would require.

34. Staples could have reasonably accommodated Plaintiff, but for its lack of good faith.

35. On August 2, 2017, after suffering stress and anxiety as a result of Defendants' actions, Mr. Williamson was constructively discharged from his employment with Staples.

36. Staples would not have created an objectively intolerable working environment, prompting Mr. Williamson's constructive discharge, nor taken other discriminatory actions against him but for his disabilities and/or need for (a) reasonable accommodation(s).

37. Mr. Williamson's constructive discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon his disabilities and/or requests for (a) reasonable accommodation(s).

38. Staples' working conditions that precipitated Mr. Williamson's constructive discharge were pretextual and directly related to Staples' intent to discriminate against Mr. Williamson due to his disabilities and/or need for (a) reasonable accommodation(s).

39. As a direct and proximate result of Staples' actions, Mr. Williamson has suffered loss of income, employment benefits, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. Defendants acted with malice, intentionally, and/or with reckless indifference to Plaintiff's federally protected rights so as to support an award of liquidated and/or punitive damages.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Javon Lamar Williamson, Sr. moves for:

a. Declaratory judgment that Defendants' actions violated the Family and Medical Leave Act and the Americans with Disabilities Act;

b. Injunctive relief prohibiting Defendants from further violating the Family and Medical Leave Act and the Americans with Disabilities Act;

c. Judgment against Defendants for compensatory damages to be determined at trial;

d. Judgment against Defendants for liquidated/punitive damages to be determined at trial;

e. Interest on any judgment from August 2, 2017;

f. Attorney's fees and costs expended herein; and

    g.    Any other relief permitted by statute and/or at law.

## DEMAND FOR JURY TRIAL

TRIAL BY JURY IS DEMANDED.

                                              Respectfully submitted,
                                              JAVON LAMAR WILLIAMSON, SR.

                                              */s/ Meghan A. Strickler*
                                              Of Counsel

Melvin E. Williams (VSB No. 43305)
    *mel@melwilliamslaw.com*
Meghan A. Strickler (VSB No. 88556)
    *meghan@melwilliamslaw.com*
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
    *Counsel for Javon Lamar Williamson, Sr.*